IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT LEE PEARSON,** | ) |
| | ) |
|   **Petitioner,** | ) |
| | ) |
| v. | )   **Case No. CIV-06-17-F** |
| | ) |
| **JUSTIN JONES,** | ) |
| | ) |
|   **Respondent.** | ) |

## REPORT AND RECOMMENDATION

  Petitioner, a state prisoner appearing *pro se*, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a response, and Petitioner has filed a reply, placing the matter at issue. For the reasons set forth hereafter, it is recommended that the petition be denied.

  Petitioner is currently incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma, pursuant to convictions in the District Court of Oklahoma County, Case Nos. CF-1993-7839 and CF-1995-461. However, Petitioner is not challenging his convictions or sentences; rather, he is challenging the result of a prison disciplinary hearing held on April 8, 2004, where Petitioner was found guilty of battery on another inmate.

  The record shows that on December 21, 2003, Petitioner was incarcerated at the Lexington Assessment and Reception Center ("LARC"). Response, Ex. 3[1] at 1. On that

---

[1] Respondent labeled this exhibit as both "Respondent's Exhibit #2" and "Respondent's Exhibit #3." As it is the third exhibit attached, the undersigned has referred to it as exhibit 3.

date, I/M Hilton informed a correctional officer that Petitioner had punched him in the eye, and Petitioner was charged with battery. *Id.*

The Description of Incident submitted by Officer Scott Smith stated:

> On the above date and approx. time, [Dec. 21, 2003] I/M Hilton approached this [reporting officer] and stated that I/M Pearson had assaulted him by punching him in the eye. I/M Hilton then began to point to I/M Pearson, and stated I/M Pearson was the one who assaulted him. At this time numerous I/M's stated calling I/M Hilton a rat. Then [this reporting officer] put both I/Ms in restraints and escorted them to C/C.

*Id.*, Ex. 3 at 1. On January 6, 2004, Petitioner received a copy of the offense report. *Id.*, Ex. 3 at 1. On January 14, 2004, Petitioner received a copy of the investigator's report, an incident report, and the witnesses' statements. *Id.*, Ex. 3 at 2-9. A disciplinary hearing was held on January 15, 2004, and Petitioner was found guilty of battery. *Id.*, Ex. 3 at 10.

Petitioner appealed, alleging numerous violation of his due process rights, and the head of the facility affirmed the conviction. Response, Ex. 4[2] at 1-4. However, the DOC/Director/Designee remanded for a rehearing on the grounds that Petitioner had requested a staff representative but the investigator's report did not document that request. *Id.*, Ex. 4 at 6.

Although the record is unclear as to the exact date, Petitioner was then apparently transferred to LCF. At LCF, Petitioner was assigned a staff representative, and a rehearing was held on April 8, 2004. *Id.*, Ex. 3 at 12-13. Again, Petitioner was found guilty of battery. The evidence relief upon for a finding of guilt was:

---

[2] This exhibit was marked as "Respondent's Exhibit #3" and "Respondent's Exhibit #4." It is actually the fourth attached exhibit.

>Misconduct report written by CSO Smith stating that I/M Pearson assaulted another I/M. The statement written by I/M Hilton confirms the misconduct.

*Id.,* Ex. 3 at 14.

In his petition Petitioner alleges that he was denied witnesses and that there is insufficient evidence to support the battery conviction. Petition at 6-9. Petitioner also suggests that the Oklahoma district court's denial of his mandamus and motion for summary judgment violated due process.[3] *Id.* at 1-5, 10.

Respondent contends that Petitioner had access to all the witness statements that he requested, and that the disciplinary action was based on some evidence. Thus, Petitioner allegedly received all the process to which he was entitled.

## Analysis

It is well established that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner,* 515 U.S. 472 (1995). Inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. *Mitchell v. Maynard,* 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguard afforded by the Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). To meet the

---

[3]Respondent suggests that Petitioner is also claiming a due process violation based on the failure to follow DOC policy. Response at 9-11. The undersigned does not read the petition to include such a claim.

due process standard in an institutional disciplinary proceeding, an inmate must receive: (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Wolff*, 418 U.S. at 563-67. If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985). Judicial review to determine the existence of "some evidence" does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Hill* at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. *See also Walker v. Edgell*, No. 93-3166, 1993 WL 371408, *2 (10th Cir. Sept. 23, 1993)[4] ("Mr. Walker should realize that the 'some evidence' standard does not require proof with certainty, proof beyond a reasonable doubt or even proof by a preponderance of the evidence.").

With respect to Petitioner's procedural due process challenge, Petitioner challenges the second prong of the *Wolff* due process requirements, asserting that he was denied the opportunity to call "exculpatory" witnesses.[5] Petition at 6, 9. Specifically,

---

[4]This unpublished disposition and any others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[5]Petitioner blames his staff representative for the lack of witnesses. Petition at 9. To the extent that Petitioner is suggesting an independent procedural due process violation based on of the ineffectiveness of the staff representative, his claim must fail. An inmate has no procedural due process right to an effective staff representative, absent evidence of illiteracy. *See Abdulhaseeb v. Ward*, 173 Fed. Appx. 658, 661 (10th Cir. Mar. 27, 2006) (citing *Wolff*, 418 U.S. at 570). There is no indication that Petitioner is

4

Petitioner alleges that he requested that the LCF investigator call numerous LARC staff witnesses who could testify that I/M Hilton "had been up for days and nights without any sleep" and "was not taking his medication." Response, Ex. 5[6] at 3. Petitioner also claims that he requested testimony from LCF Officer Calvert, who would have confirmed that Petitioner requested the witnesses.

The record belies Petitioner's allegation. For example, the record shows that before Petitioner's first hearing, the LARC investigator collected statements from numerous witnesses. *Id.*, Ex. 3 at 4-8. Petitioner's signature proves that he received those statements, and Petitioner never complained in his first appeal that LARC staff statements had been requested. *Id.*, Ex. 3 at 9; Ex. 4 at 1-2, 4-5. This evidence undermines Petitioner's claim that he was denied the opportunity to call witnesses in his behalf.

Additionally, even if Petitioner had been refused the staff witnesses' statements, any error was harmless. *See Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("We join [other] circuits in concluding that errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review."). This is because the witnesses Petitioner wished to call would not have exonerated Petitioner of battery. For instance, Petitioner does not claim that any of the LARC staff witnessed the incident. Instead, at best the officers could have testified that I/M Hilton had not been sleeping for

---

illiterate.

[6]Respondent marked this exhibit as "Respondent's Exhibit #4" and "Respondent's Exhibit #5." Because it is actually the fifth attachment, it has been referred to as exhibit 5.

5

several days. Response, Ex. 5 at 3; *see also* Audiotape of Disciplinary Hearing (dated April 8, 2004). This does not prove that Petitioner is innocent of hitting the inmate. Thus, Petitioner "has failed to demonstrate how . . . testimony from the witness[es] 'would have affected the outcome of his case.'" *Dokes v. Scibana*, 2006 WL 1892592, *4 n.7 (W.D. Okla. July 10, 2006) (citations omitted). Moreover, based on the relatively little effect these witnesses would have had on the outcome of the disciplinary hearing, LCF officials would have been justified in refusing to solicit testimony from LARC staff members. *See Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991) (while policy absolutely restricting prisoner's right to call staff witness was unconstitutional, "the prisoner's request should . . . be denied if officials . . . determine the staff members' testimony would be irrelevant, cumulative, or otherwise unnecessary for the committee to come to a fair resolution of the matter"). Thus, regardless of whether Petitioner was actually denied the opportunity to call LARC staff witnesses, habeas relief is not available to Petitioner.

Petitioner also challenges the sufficiency of evidence to support his conviction. Petition at 6, 8. According to Petitioner, officials had no reason to believe I/M Hilton over Petitioner because there was "no independent evidence to corroborate [I/M Hilton's] claim . . . ." *Id.* at 6.

As previously stated, in order to comport with due process there must be "some evidence" to support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. at 454. The Supreme Court has determined that the disciplinary decision can be upheld even if the evidence supporting the decision is "meager." *Id.* at 457. Also, because I/M Hilton's

testimony was not confidential, there is no requirement that his testimony be corroborated with "independent evidence." *See, e.g., Taylor v. Wallace*, 913 F.2d 698, 700-702 (10th Cir. 1991) ("'A bald assertion by *an unidentified person*, without more, cannot constitute some evidence of guilt.'" (emphasis added) (citation omitted)).

Here, the record establishes that some evidence supports Petitioner's disciplinary conviction. In finding Petitioner guilty of battery the disciplinary hearing officer stated that she relied on two pieces of evidence. First, the hearing officer referred to the incident report showing that Petitioner "assaulted another inmate." Response, Ex. 3 at 14. Second, the disciplinary hearing officer referred to I/M Hilton's statement confirming that he was assaulted by Petitioner. *Id.* This evidence, considered separately or together, supports the conclusion reached by the disciplinary hearing officer. Thus, it was well within the disciplinary hearing officer's discretion to find Petitioner guilty of battery.

Judicial review to determine the existence of some evidence does not require the weighing of evidence. *Hill*, 472 U.S. at 454. As the Tenth Circuit held in *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996), it is not the province of the Court to "address the validity of [the] evidence."[7] The undersigned finds that Petitioner's prison disciplinary conviction was clearly supported by "some evidence." *See Hill*, 472 U.S. at 455-57.

---

[7]In *Mitchell*, the Tenth Circuit reviewed the plaintiff's *Wolff* challenge to the adequacy of the evidence used to convict him of participating in a riot, resulting in the revocation of good time credits. *Mitchell*, 80 F.3d at 1444. He claimed the disciplinary hearing was procedurally deficient because his conviction was based upon evidence contained in an officer's report that was obtained from another officer. *Id.* at 1445. Despite the "second-hand" or hearsay evidence in that case, the Tenth Circuit held the evidence was sufficient to sustain a conviction for participating in a riot. *See id.*

Finally, Petitioner fails to state a claim for federal habeas relief through the state court's handling of his writ of mandamus. Habeas relief is available to correct errors in conviction and in the execution of a sentence. *See generally* 28 U.S.C. §§ 2241, 2254. Because Petitioner's claims concerning the state court's dismissal of his mandamus focus on the errors committed in the state court, and not on his disciplinary conviction which is separate addressed herein, Petitioner cannot obtain habeas relief even if the state court erred. *See, e.g., Simpkins-Bey v. Henderson*, No. 90-1378, 1991 WL 80745, *2 (10th Cir. May 16, 1991) (rejecting claim for habeas relief on grounds that state court improperly struck over-sized brief because the claim attacked a matter collateral to his conviction).

Because Petitioner received the minimal due process required by *Wolff*, *supra*, and some evidence supports the disciplinary hearing officer's findings, *Hill*, *supra*, the petition for writ of habeas corpus should be denied.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to object to this Report and Recommendation by the 20th of October, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objection should be filed with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This

Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of September, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE